UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-CV-12-KKC

JULIUS NATHANIEL VANN,                                          PLAINTIFF,


v.                          **MEMORANDUM OPINION AND ORDER**


UNITED STATES OF AMERICA,                              DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the Motion for Reconsideration (Rec. No. 85), Motion for Summary Judgment (Rec. No. 87) and Motion for Directed Verdict (Rec. No. 91) of the Plaintiff, Julius Nathaniel Vann ("Vann"), and the Motion for Summary Judgment of the Defendant, the United States. (Rec. No. 86).

**I.      Vann's Motion for Reconsideration (Rec. No. 85).**

With his Motion for Reconsideration (Rec. No. 85) Vann appears to be asking this Court to overturn an Order denying his Motion to Amend Complaint which was entered by the Magistrate Judge (Rec. No. 72). Vann appears to argue that the matter was wrongfully referred to the Magistrate Judge.

By Order dated September 23, 2004 (Rec. No. 33), pursuant to 28 U.S.C. § 636(b)(1)(A), this Court referred all pretrial matters and discovery disputes in this matter to Magistrate Judge J.B. Johnson for resolution. That statute permits the district court to designate a magistrate judge "to hear and determine any pretrial matter pending before the court" with certain exceptions that are not applicable here. 28 U.S.C. § 636(b)(1)(A). Thus, Vann's Motion to Amend Complaint was properly

referred to Magistrate Judge Johnson.

Section 636(b)(1)(A) further provides that the district court may reconsider any pretrial matter referred to the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  With his Motion to Amend Complaint, Vann sought to add Valentin Hernandez as a party to this action.  By Order dated April 15, 2004, however,  this Court has already dismissed Hernandez as a defendant in this action. The Court has reviewed the Magistrate Judge's Order denying Vann's Motion to Amend his Complaint to add Hernandez as a party and finds the Order neither clearly erroneous nor contrary to law.  Accordingly, Vann's Motion to Reconsider (Rec. No. 85) the Magistrate Judge's Order will be DENIED.

**II.     Motions for Summary Judgment (Rec. Nos. 86 and 87).**

**A.     Standard.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.  *Id.* at 322-25.  Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a

genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324.  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party.  *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).  The moving party must show conclusively that there is no genuine issue of material fact. *Id.*  However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).  The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.,* 822 F.2d at 1435-36.  Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

3

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). "The nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris,* 260 F.3d 654, 665 (6th Cir. 2001).

B.       Analysis.

The Court has detailed the facts of this matter in its August 30, 2004 Opinion and Order (Rec. No. 28) and adopts those facts for purposes of this Opinion and Order. The United States has correctly detailed the procedural history of this matter in its Motion for Summary Judgment (Rec. No. 86) and the Court adopts that procedural history for purposes of this Opinion and Order.

In brief, Vann was an inmate at FCI Manchester and, while exiting the outdoor recreation area designated for Special Housing Unit ("SHU") inmates, he fell on a patch of ice. At the time of his fall, he was handcuffed and being escorted by Officer William Shane Thompson ("Officer Thompson"). Vann filed a pro se complaint under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Vann alleged that Officer Thompson acted negligently and "wantonly."

As a result of prior orders of this Court, the sole remaining claim in this action is Vann's claim that Officer Thompson improperly grabbed Vann's arm and "dropped" him which caused Vann to fall. In its August 30, 2004 Opinion, the Court ruled that, although the United States had presented persuasive evidence that Officer Thompson was neither involved in nor caused Vann's fall, there was at least an issue of fact on that issue that precluded summary judgment at that time.

In its current Motion for Summary Judgment (Rec. No. 86), the United States argues that,

4

now that discovery is complete, Vann's statements in his Response to Request for Admissions and his Response to Interrogatories make clear that it was the presence of the ice that caused his fall and not the actions of Officer Thompson.

Vann responded with a memorandum opposing the United States' motion and with his own Motion for Summary Judgment (Rec. No. 87). Vann's pleading is rambling and largely incoherent. The Court has been unable to determine precisely what facts and arguments Vann seeks to present. He appears to continue to complain that he was not permitted to amend his Complaint. That argument has been addressed above. As to any evidence that Officer Thompson caused his fall, Vann cites to the same discovery responses that the United States cites to in support of its motion. Accordingly, the Court will look to those responses to determine if an issue of fact remains in this matter.

In his Admissions, when asked to admit "the presence of ice or wet spots on the ground in the Special Housing Unit recreation area was not a direct cause of your fall. . .," Vann states, "outta "Thompson", "Thomas," and myself, who can say as to what and who caused the direct fall?" (Rec. No. 86, U.S. Mot. for Summ. J., Ex. B, Request No. 5).

In his Interrogatory responses, when asked to list "each act and/or omission on the part of the Bureau of Prisons, its employees, agents and/or servants, which you contend constitutes a breach of safety standards. . . . ," Vann states, "[s]ince we're looking more at 'rights' here, and although the rights are assignable, the duty to perform can only be delegated." (Rec. No. 86, U.S. Mot. for Summ. J., Ex. C, Interrog. No. 14).

When asked to "describe in detail how the accident described in the complaint happened including what you were doing immediately before and leading up to the time the accident occurred,"

Vann states, "the above question(s) being asked strategically does not require me to answer right now because this information may be found in Clerk of Court Documents." (Rec. No. 86, U.S. Mot. for Summ. J., Ex. C, Interrog. No. 16).

When asked to "please describe precisely how officer William S. Thompson and/or other staff held your arms and/or other when escorting you from the Special Housing Unit recreation area when you fell as alleged in the above-style Complaint," Vann states, "Officer Thompson was the only officer in possession of me.  He had one arm on my arm when I notice I was falling."  (Rec. No. 86, U.S. Mot. for Summ. J., Ex. C, Interrog. No. 22).

When asked to "describe in detail how the manner in which you were grabbed by Officer William S. Thompson and/or other staff caused you to fall," Vann states, "I'm aware that officer Thompson was only doing his job as a officer. But once Thompson moved towards the SHU recreational cage in terms of removing me, then unlock the cage, he grabbed a hold of my arm wantonly and very disregardful.  By body and parts had to have been close to him because he stated that he tried to stop my fall.  So I rather not say he 'pulled me down,' but I can say because of his 'process of guiding me back in' rendered him responsible."  (Rec. No. 86, U.S. Mot. for Summ. J., Ex. C, Interrog. No. 23).

Finally, when asked to describe "whether Officer Thompson and/or any other staff present during the incident in question helped to prevent or slow your fall to the ground," Vann states, "[a]lthough Thompson say he tried to stop my fall, I'll give him an E for effort and a T for trying."  (Rec. No. 86, U.S. Mot. for Summ. J., Ex. C, Interrog. No. 24).

After reviewing the above-described statements of Vann himself, the Court determines that Vann has failed to present sufficient evidence to create an issue of fact as to whether Officer

Thompson either negligently or recklessly caused Vann's fall. Accordingly, the Court will GRANT the United States' Motion for Summary Judgment (Rec. No. 86) and will DENY Vann's Motion for Summary Judgment (Rec. No. 87).

**III.    Vann's Motion for Directed Verdict (Rec. No. 91).**

After filing his Motion for Summary Judgment, Vann filed a Motion for Directed Verdict. (Rec. No. 91). A motion for directed verdict, or motion for judgment as a matter of law, is proper only during or after a jury trial. Fed. R. Civ. P. 50. Because there has been no jury trial of this matter, Vann's motion for directed verdict must be DENIED. Vann states he brings the motion "seeking direct verdict of his summary judgment." Thus, the Court has construed the motion as a further pleading in opposition to the United States' Motion for Summary Judgment and has considered it for purposes of ruling on the summary judgment motions.

**IV.    CONCLUSION.**

For all the above reasons, the Court hereby ORDERS as follows:

1)    Vann's Motion for Reconsideration (Rec. No. 85); Motion for Summary Judgment (Rec. No.87); and Motion for Directed Verdict (Rec. No. 91) are hereby DENIED;

2)    the United States' Motion for Summary Judgment (Rec. No. 86) is GRANTED; and

3)    this matter is STRICKEN from the active docket of this Court.

This 23rd day of January, 2006.



**Signed By:**

***Karen K. Caldwell***

**United States District Judge**